**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (297557)
ryan@kazlg.com
301 E. Bethany Home Rd, Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Aryanna Young, Esq. (344361)
aryanna@kazlg.com
2221 Camino Del Rio S, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff and the putative class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Dawn Costa,<br>Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Millennia Tax Relief, LLC,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has recognized the need to protect the privacy of consumers and reduce public safety risks associated with receiving

unwanted telemarketer and debt-collector phone calls. As such, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, to protect consumers from harmful telemarketing practices.

2. Plaintiff DAWN COSTA ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action for damages and injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant MILENNIA TAX RELIEF, LLC ("Defendant") with regard to attempts by Defendant to negligently, knowingly and/or willfully transmit unsolicited, autodialed calls using an artificial or pre-recorded voice, to the cellular telephones of Plaintiff and the putative Class members, without consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading the privacy of Plaintiff and the putative Class members.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Upon information and belief, Defendant placed the automated calls, using an artificial or pre-recorded voice, to Plaintiff and others similarly situated without their consent for solicitation/telemarketing purposes, which is exactly the type of telephonic contact the TCPA was designed to prevent.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## NATURE OF THE ACTION

7. In 1991, Congress passed the Telephone Consumer Protection Act, 47

U.S.C. § 227, *et seq*., ("TCPA"), in response to complaints about abusive telemarketing practices.

8. In enacting the TCPA, Congress intended to give consumers a choice as to how telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12.

9. The Federal Trade Commission ("FCC") is charged with the authority to issue regulations implementing the TCPA. According to findings by the FCC, automated calls and text messages are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls. The FCC has also acknowledged that wireless customers are charged for any incoming calls and text messages.

10. In 2015, the FCC noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

11. The transmission of an unsolicited calls and voice messages to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. 47 U.S.C §

- 3 -
CLASS ACTION COMPLAINT

227(b). Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state claims.

13. Because Defendant directs and conducts business within the State of California and this judicial district, and Defendant resides in this district, personal jurisdiction is established.

14. Personal jurisdiction and venue are proper in the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein occurred within this judicial district; and (3) Defendant resides in and conducted business within this judicial district at all times relevant.

## PARTIES

15. Plaintiff is an individual residing in the City of Cayce, State of South Carolina, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1788.2(g).

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, is, and at all times mentioned herein a tax debt servicer, specializing in state and IRS taxes. Plaintiff alleges that at all times relevant herein, Defendant resided in and conducted business in the State of California, in the City of Industry, within this judicial district.

17. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1788.2(g).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of South Carolina. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

19. On around August 3, 2022, Plaintiff received a pre-recorded voicemail from an unknown caller wanting Plaintiff to call (800) 449-8910.

20. Upon calling this number she was directed, upon belief, to an agent of Defendant's, Michael, who gave her the website millenniataxrelief.com with a call

back number of (800) 697-7702.

21. Plaintiff attempted to call back this number but was not able to reach anybody.

22. Plaintiff called the -7702 number on her husband's phone and received a text message stating:

> Alicia Loaiza
> Milennia Tax Relief
> 15000 Nelson Ave East
> #200
> City of Industry, CA 91744
> Direct phone Number:
> (323)763-9622
> Ext:1111 (323)510-8178
> Fax:1800-919-9343
> aloaiza@Millenniataxrelief.com

23. On May 2, 2023, Plaintiff received a prerecorded voicemail from caller ID 762-273-1101 to call back 949-536-9914.

24. Plaintiff used her husbands cellphone to call the -9914 number and talked to Vincent. Plaintiff believes Vincent is an agent of Defendant.

25. After the phone call, Plaintiff received a text message from 323-798-7064, stating it was "Vincent, lead enrollment agent for the Employee Retention Tax Credit program of Millennia Tax."

26. Plaintiff was confused, frustrated and annoyed as to why she was being called by Defendant when she has never given Defendant her information.

27. Plaintiff is informed and believes and here upon alleges, that the phone call was made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

28. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

29. Defendant's phone call and voicemail forced Plaintiff and other similarly

situated class members to live without significant memory space in their cellular phones by occupying their telephone with multiple unwanted messages, causing nuisance and lost time.

30. The telephone number Defendant or its agent messaged was a personal cellular device of Plaintiff, and the message received by Plaintiff constituted a "telephonic solicitation" as defined in 47 U.S.C § 227(a)(4).

31. Defendant's phone call to Plaintiff's cellular telephone number were unsolicited by Plaintiff .Therefore, Defendant did not have "prior express consent" to call Plaintiff as prohibited by 47 U.S.C § 227(b)(1)(A).

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of Plaintiff and all others similarly situated.

33. Plaintiff represents, and is a member of, the Class, pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2), which is defined as follows:

> All persons within the United States who received any pre-recorded voice phone calls from Defendant, its employees or its agents, to their cellular telephone and such person had not previously provided express consent to receiving such phone calls within the four years prior to the filing of the Complaint, through the date of class certification.

34. Excluded from the putative Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

35. Plaintiff reserves the right to redefine the putative Class, and to add and redefine any additional subclass as appropriate based on discovery and specific theories of liability.

36. The putative Class that Plaintiff seeks to represent contains numerous members and is ascertainable including, without limitation, by using Defendant's records to determine the size of the putative Class and to determine the identities of individual putative Class members.

**Numerosity**

37. The members of the putative Class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the putative Class is currently unknown to Plaintiff at this time. However, given that, on information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, unsolicited phone calls to hundreds, if not thousands, of customers' cellular telephones nationwide, during the proposed class period, it is reasonable to presume that the members of the putative Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**Commonality**

38. There are questions of law and fact common to the putative Class that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

   a) Whether within the four years prior to the filing of this Complaint, Defendant or employees or agents made any pre-recorded voice phone calls, without the prior express consent of Plaintiff and putative Class members;

   b) Whether Defendant can meet its burden to show Defendant has prior express consent to make the phone calls complained of, assuming such an affirmative defense is raised;

   c) Whether Defendant's conduct was knowing and/or willful;

   d) Whether Plaintiff and the members of the putative Class were damaged thereby, and the extent of damages for such violation;

e) Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future;

**Typicality**

39. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each putative Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all members of the putative Class, as demonstrated herein.

40. Plaintiff represents and is a member of the putative Class because Plaintiff received at least one pre-recorded voice phone call, without prior express consent to the Defendant within the meaning of the TCPA. Consequently, the claims of Plaintiff are typical of the claims of putative Class members and Plaintiff's interests are consistent with and not antagonistic to those of the other members of the putative Class that Plaintiff seeks to represent.

41. Plaintiff and all members of the putative Class have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

**Adequacy**

42. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the putative Class with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any members of the putative Class. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

43. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of

each member of the putative Class. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of the other members of the putative Class.

**Predominance**

44. Questions of law or fact common to the members of the putative Class predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and members of the putative Class are capable of proof at trial through evidence that is common to the class rather than individual to its members.

**Superiority**

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the putative Class is impracticable and questions of law and fact common to the putative Class predominate over any questions affecting only individual members of the putative Class. Even if every individual member of the putative Class could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

46. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each member of the putative Class. Further, it will prevent the very real harm that would be suffered by numerous members of the putative Class who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

47. The prosecution of separate actions by individual members of the putative Class may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party members of the putative Class to protect their interests.

48. The prosecution of individual actions by members of the putative Class would establish inconsistent standards of conduct for Defendant.

49. Defendant has acted or refused to act in ways generally applicable to the putative Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the putative Class as a whole. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

50. The Classes may also be certified because:
   (a) the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards of conduct for Defendants;
   (b) the prosecution of separate actions by individual members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the putative Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,
   (c) Defendants have acted or refused to act on grounds generally applicable to the putative Class, thereby making appropriate final and injunctive relief with respect to the members of the putative Class as a whole.

51. This suit seeks only damages and injunctive relief for recovery of statutory damages on behalf of the putative Class and it expressly is not intended to

request any recovery for personal injury and claims related thereto.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 *ET SEQ.***
**ON BEHALF OF THE CLASS**

52. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

53. The forgoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*. Defendant's phone call, without any prior express consent.

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all members of the putative Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

55. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all members of the Class are also entitled to, and do seek, an award of $500.00 statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 *ET SEQ.***
**ON BEHALF OF THE CLASS**

56. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

58. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and all members of the putative Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

59. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and all members of the putative Class are also entitled to, and do seek, an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and members of the Classes, prays for the following relief:

- That this action be certified as a Class Action, establishing the putative Class and any appropriate sub-classes that the Court may deem appropriate;
- Appointing Plaintiff as the representative of the putative Class ;
- Appointing the law firms representing Plaintiff as Class Counsel;
- Statutory damages;
- Actual damages;
- Pre-judgment and post-judgment interest;
- Costs of suit;
- An award of reasonable attorneys' fees and costs to Plaintiff and the putative Class, pursuant to the common fund doctrine and, *inter alia,* California Code of Civil Procedure § 1021.5

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 *ET SEQ.***

- An award of $500.00 in statutory damages to Plaintiff and each member of the Class for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Any other further relief that the court may deem just and proper.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 *ET SEQ.***

- An award of $1,500.00 in statutory damages to Plaintiff and each member of the Class for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- Any other further relief that the court may deem just and proper.

**JURY DEMAND**

60. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 2, 2023

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/Ryan L. McBride
RYAN MCBRIDE, ESQ.
ryan@kazlg.com
ATTORNEY FOR PLAINTIFF